IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONOVAN PHIPPS,

    Petitioner,                    No. CIV S-07-0087 WBS EFB P

    vs.

MIKE EVANS, Warden, et al.,

    Respondents.                  ORDER

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He filed, on January 16, 2007, a petition for a writ of habeas corpus, together with a motion to stay the proceedings and hold the petition in abeyance pending petitioner's exhaustion of state court remedies. Respondent filed a motion to dismiss for failure to exhaust state court remedies on August 15, 2007, but did not oppose or otherwise respond to petitioner's motion for stay and abeyance. Petitioner has not filed a response to the motion to dismiss.[1]

////

---

[1] The court notes that three motions have been filed by petitioner's parents in this case, on September 17, 24, and 25, 2007. Petitioner is advised that petitioner's parents do not have standing to file motions in this case as they are not parties to the action. If petitioner is incompetent, Rule 25 of the Federal Rules of Civil Procedure provides that the court, upon motion served in accordance with Rule 25(a), may allow the action to be continued by the party's representative.

A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L. R. 78-230(m). Failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L. R. 11-110. The court may recommend this action be dismissed with or without prejudice, as appropriate, if plaintiff disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed);

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of this order, respondent shall file either an opposition to petitioner's January 16, 2007, motion for stay and abeyance or a statement of no opposition;

2. Within 30 days of the date of this order, petitioner shall either file an opposition to respondents' August 15, 2007, motion to dismiss or a statement of no opposition;

3. Failure by either party to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: October 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2