1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DONOVAN PHIPPS,

11            Petitioner,                    No. CIV S-07-0087 WBS EFB P

12        vs.

13   MIKE EVANS, Warden, et al.,

14            Respondents.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  This action proceeds on the January 16, 2007, petition.  Respondent moves to

18   dismiss upon the ground that petitioner failed to exhaust available state remedies.  In response,

19   petitioner has moved to stay the proceedings and hold his petition in abeyance pending his

20   exhaustion of state court remedies.

21   **I.      Procedural History**

22        A jury found petitioner guilty of second-degree murder (Cal. Pen. Code § 187(a)),

23   leaving the scene of an accident (Cal. Veh. Code § 20001(a)), and misdemeanor resisting a peace

24   officer (Cal. Pen. Code § 148(a)(1)).  Petitioner admitted that he had suffered a prior strike.

25   (Cal. Pen. Code §§ 667, 1170.12.)  The trial court sentenced him to a term of 30 years to life in

26   state prison.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lod. Doc.") 1.

                                           1

1   Petitioner appealed his conviction.  On December 30, 2005, the California Court of

2   Appeal, Third Appellate District, affirmed petitioner's conviction.  Lod. Doc. 1.  Petitioner filed

3   a petition for review with the California Supreme Court.  Lod. Doc. 2.  On March 15, 2006, the

4   petition was denied.  Lod. Doc. 3.  Petitioner has filed no other collateral actions in the

5   California state courts.

6   **II.   Discussion**

7   Respondent argues that petitioner has failed to exhaust any of the claims raised in his

8   federal petition.  In response, petitioner states that he filed a petition for writ of habeas corpus in

9   Butte County Superior Court on September 21, 2007, which was denied on September 26, 2007.

10  He also states that he intends to pursue his claims for relief in the Court of Appeal and the

11  California Supreme Court.  He therefore requests the court stay the proceedings and hold his

12  petition in abeyance until his state remedies are exhausted.

13  Respondent opposes a stay and abeyance, arguing that it is not available to a petitioner

14  who has filed a wholly unexhausted petition.[1]  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991);

15  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481

16  (9th Cir. 2001).

17  A petitioner who is in state custody and wishes to collaterally challenge his conviction by

18  a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

19  The exhaustion doctrine is based on comity to the state court and gives the state court the initial

20  opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501

21  U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158,

22  1163 (9th Cir.1988).

23  A petitioner can satisfy the exhaustion requirement by providing the highest state court

24  with a full and fair opportunity to consider each claim before presenting it to the federal court.

25  ──────────────

26  [1] A wholly unexhausted petition is one in which petitioner has not exhausted any of the claims raised.

1   *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir.1996).

2   A federal court will find that the highest state court was given a full and fair opportunity to hear

3   a claim if the petitioner has presented the highest state court with the claim's factual and legal

4   basis. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (legal basis); *Kenney v. Tamayo-Reyes*, 504

5   U.S. 1 (1992) (factual basis).

6          In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has

7   discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the

8   state court in the first instance and then to return to federal court for review of his perfected

9   petition.

10          Nevertheless, stay and abeyance is available only in limited circumstances, because the

11   procedure frustrates the AEDPA's[2] objective of encouraging finality by allowing a petitioner to

12   delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining

13   federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in

14   state court prior to filing his federal petition. *Id*. at 1535. The Supreme Court held that a stay

15   and abeyance is "only appropriate when the district court determines there was good cause for

16   the petitioner's failure to exhaust his claims first in state court." *Id*.

17          Petitioner has not argued that "good cause" exists here, although he represents that he

18   filed a state habeas corpus petition in the Butte County Superior Court on September 21, 2007.

19   That petition was denied five days later. Petitioner does not represent that he has filed habeas

20   petitions in the California appellate or supreme courts in the intervening year, nor does he

21   provide the court with an explanation for his delay in seeking habeas relief in state court.

22   Respondent states, however, that he will not contest good cause should the court find that a stay

23   and abeyance is available. The court does not find that it is.

24   ////

25   _____

26          [2]  AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1    Unlike the petitioner in *Rhines*, the petitioner here has presented a completely

2    unexhausted petition, rather than a mixed petition.  Thus, the petition before this court cannot

3    constitute a "protective" petition as discussed in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)

4    (citing *Rhines*, 544 U.S. at 278.)  As discussed in *Pace*, the protective stays referred to in *Rhines*

5    involved a "mixed" petition, meaning that the petition included both exhausted and unexhausted

6    claims.  The filing of the federal petition protects the petitioner's ability to, ultimately, timely

7    seek relief on the exhausted claims and the claims yet to be exhausted in the state system.  The

8    Court in *Pace* discussed the merits of granting a stay to allow petitioner to return to state court to

9    exhaust those claims that remained unexhausted rather than denying without prejudice a petition

10   that included exhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 278; *Pace v. DiGuglielmo*, 544

11   U.S. at 416.  The basis of that Court's ruling was premised on the fact that the petition was

12   "mixed," not completely unexhausted.

13   Here, the court is not presented with a "mixed" petition.  Petitioner has not exhausted any

14   of the claims now raised in this petition and the court has no jurisdiction.  Accordingly, the stay

15   and abeyance procedure is unavailable.

16   Based on the foregoing, it is hereby RECOMMENDED that:

17   1.  Respondent's October 30, 2007, motion to dismiss be granted;

18   2.  Petitioner's October 15, 2007, motion to stay be denied; and

19   3.  The Clerk be directed to close the case.

20   These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22   after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

25   ////

26   ////

1   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  February 25, 2008.

4

                              EDMUND F. BRENNAN

5                               UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26