IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONOVAN PHIPPS,

    Petitioner,                    No. CIV S-07-0087 WBS EFB P

    vs.

MIKE EVANS, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On March 28, 2008, the district court entered an order adopting the February 25, 2008, findings and recommendation and granting respondent's motion to dismiss on the grounds that the petitioner failed to exhaust his available state remedies. Judgment was entered accordingly. Petitioner has filed a motion to vacate that judgment pursuant to Fed. R. Civ. P. 59, relying on evidence he had submitted showing that he has pursued available state remedies. Respondent has not responded to this motion.[1] For the reasons explained below, the court finds that the motion must be granted.

---

[1] Local Rule 78-230(m) requires a responding party to file either an opposition brief or a statement of non-opposition to the granting of the motion. Respondent has filed neither and, pursuant the Rule 78-230(m), the failure to file a brief is deemed a waiver of opposition to the motion.

1

**I.  Procedural History**

Petitioner was convicted of second degree murder, leaving the scene of an accident and resisting an officer on July 29, 2004. Petition, at 1. He appealed, and the judgment was affirmed. *Id.*, at 3. Thereafter, he filed in the California Supreme Court a petition for review of the disposition of two claims he had raised on appeal. *Id.*, at 3-4. The California Supreme Court denied the petition. *Id.*, at 3. He also filed a petition for a writ of habeas corpus in the trial court. *Id.*, at 4. On January 16, 2007, while his petition was pending in the trial court, he filed his federal habeas petition. That federal petition concedes that the claims raised in it were among those included in the still pending state court petition. *Id.*, at 4, 6-13. Also on January 16, 2007, petitioner filed a request that his federal petition be stayed and held in abeyance until his claims were resolved in the state court. Thus, it is apparent from the face of the federal application that petitioner had not exhausted the available state remedies before filing the federal petition.

On August 15, 2007, respondent filed a motion to dismiss this action on the ground that petitioner had not exhausted the available state remedies with respect to any of his claims. On October 15, 2007, petitioner filed an opposition to that motion, asserting that the state trial court had denied habeas relief and that he planned to seek review in the state appellate court and in the California Supreme Court. Thereafter, on October 30, 2007, respondent supplemented the motion to dismiss, arguing that petitioner had conceded that he had not presented his claims to the California Supreme Court and, therefore, the petition was wholly unexhausted. This is significant because the stay and abeyance procedure applies only to petitions containing both exhausted and unexhausted claims. *See Rhines v. Wilson*, 544 U.S. 269, 271-72, 277 (2005). Thus, the procedure was unavailable to petitioner.

However, on February 6, 2008, petitioner notified the court that "all Ca. State remedies have been exhausted," and that he wished to withdraw his request that this action be stayed. He submitted with that notice copies of computer-generated docket sheets from the California

2

Supreme Court showing that his petition for review had been denied on January 30, 2008.

Notwithstanding that notification, this court issued findings and recommendations on February 25, 2008, concluding that petitioner had failed to exhaust the available state remedies and recommending that this action be dismissed without prejudice. Petitioner filed objections to the findings and recommendations on March 5, 2008, again asserting that he had presented his claims to the California Supreme Court and that the court had denied relief.

The findings and recommendations were adopted on March 28, 2008, and this action was dismissed. Judgment was entered that same date. On April 3, 2008, petitioner filed a document styled, "objections to closure of civil case," in which he again argued that the claims in the federal petition were exhausted. The court construes that document as petitioner's timely attempt to file a motion for reconsideration under Rule 59(c). He filed a letter on April 29, 2008, again attempting to alert the court to the error of having dismissed this action. Also on April 29, 2008, the Office of the Federal Defender filed a motion to vacate the judgment. *See* Fed. R. Civ. P. 59.

## II.    Rule 59 Standards

The Ninth Circuit has identified four grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based, (2) to present newly discovered or previously unavailable evidence, (3) to apply an intervening change in the law, and (4) to prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (per curiam and en banc) (citing 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). The district court has considerable discretion in ruling on a motion under this rule and reconsideration after entry of judgment is an extraordinary remedy that should be used sparingly. However, as discussed below, reconsideration is appropriate here to correct a manifest error of fact regarding petitioner's exhaustion of available state remedies.

////

////

## III. Failure to Exhaust

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).[2] A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

////

---

[2] A federal district court may grant relief on claims not presented to the state courts if the respondent expressly waives the exhaustion requirement. 28 U.S.C. § 2254(b)(3). In light of respondent's motion to dismiss, waiver does not apply here.

**IV.    Analysis**

Here, petitioner has documented that he has, in fact, exhausted the remedies available in the state courts, as required by 28 U.S.C. § 2254(b)(1)(A).  His filing of February 6, 2008, includes appended copies of California Supreme Court docket entries for each of his petitions challenging the convictions in question here.  They show that each of his requests for review in the state supreme court was denied.  Although it is not evident from those entries what specific arguments were raised and briefed in the state petitions, it is apparent that this federal petition does not present wholly unexhausted claims.[3]  Accordingly, this court's earlier findings and recommendation which concluded that this federal petition must be dismissed for failure to exhaust was mistaken and petitioner's motion for reconsideration under Rule 59(e) should be granted.

Accordingly, it is hereby RECOMMENDED that:

1.  Petitioner's April 3, 2008, Rule 59 motion, as supplemented on April 29, 2008, be granted and that the judgment be vacated;

2.  Respondent be directed to file an answer to the petition within 60 days, and instructed that the answer must be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.  *See* Rules 4, 5, Fed. R. Governing § 2254 Cases; and

3.  Petitioner be directed that any reply he may have be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(C).  Within ten days after being served with these findings and recommendations, any party may file written

---

[3] To the extent that the federal petition includes a specific argument or ground for relief that was not presented in the state petitions, respondent is free to raise that issue in its answer to the federal petition.

5

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5  Dated:  June 9, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE